I dissent. I firmly believe that the result reached by the Court of Civil Appeals, although perhaps seemingly harsh, was correct. For the following reasons, I would quash the writ as improvidently granted.
In reversing the judgment of the Court of Civil Appeals, the majority states that "Michael does, however, have a legal duty to support that arises from the legal custody of the child that he sought and obtained in the juvenile court." 660 So.2d at 988 (emphasis added). Using this premise as a springboard, the Court then determines that the circuit court "did not err in ordering Michael to pay monthly child support and to provide medical insurance for the child." 660 So.2d at 989. I disagree. I believe the circuit court lacked jurisdiction to rule on the custody and support of the grandchild because this is not achild of the marriage between the grandfather and thegrandmother. Section 30-3-1, Ala. Code 1975, states:
 "Upon granting a divorce, the court may give the custody and education of the children of the marriage to either father or mother, as may seem right and proper. . . ."
In my opinion, the circuit court never obtained jurisdiction to determine the custody of this child, because she was not a child of the marriage and had not been legally adopted by the grandparents. The juvenile court was vested with jurisdiction over the custody of the grandchild; the juvenile court gave custody to the grandparents when the child's parents were incarcerated; and the juvenile court maintained jurisdiction over the custody and support of the child. The circuit courtnever acquired jurisdiction to rule on the issues of custody or support of the child.
Notwithstanding the jurisdictional question, I still would quash the writ. The facts indicate that the grandparents were awarded custody of the grandchild after the child's parents were incarcerated. The grandparents were under no obligation to take custody of the grandchild; however, they sought custody of the child and undertook the responsibility to care for her. While the grandparents did obtain custody of the child, they did not adopt her!
 Section 12-15-1(17), Ala. Code 1975, defines "legal custody":
 "LEGAL CUSTODY. A legal status created by court order which vests in a custodian the right to have physical custody of the child and to determine where and with whom the child shall live within the state and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, clothing, education, and ordinary medical care, all subject to the powers, rights, duties, and responsibilities of the guardian of the person of the child and subject to any residual parental rights and responsibilities. An individual granted legal custody shall exercise the rights and responsibilities personally unless otherwise authorized by the juvenile court."
The grandfather and grandmother were given custody of the child by the juvenile court. In my opinion, that custody could be relinquished by either of them. Do we mean to imply that custody can not be relinquished once it is undertaken? Would such a ruling not have a chilling effect on the willingness of family members to take in minor relatives, for fear that once they acquired custody they could not relinquish it if their own situations should change? Apparently, the grandfather voluntarily relinquished any claims to custody of the child and was relieved by the juvenile court of any duties related to custody, although this occurred after the grandparents had divorced. Having relinquished his claims to custody, the grandfather can no longer be held responsible for financially supporting the grandchild. That responsibility is a parental responsibility.
SHORES and INGRAM, JJ., concur. *Page 991